Filed 11/16/21  Hoyt v. ABM Aviation CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DARIN HOYT, | B299232 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. BC629539 |
| ABM AVIATION, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly E. Kendig, Judge. Affirmed.

Liddy Law Firm, Donald G. Liddy; Killackey Law Offices, Michael A. Killackey; Esner, Chang & Boyer, Stuart B. Esner, Andrew N. Chang and Kevin K. Nguyen for Plaintiff and Appellant.

Murchison & Cumming and Edmund G. Farrell for Defendant and Respondent.

# INTRODUCTION

Plaintiff and appellant Darin Hoyt (plaintiff) filed this suit against defendant and respondent ABM Aviation, Inc. (ABM) after he was injured in a collision with a bus driven by an employee of ABM. A jury concluded plaintiff was entirely at fault.

Plaintiff does not challenge the jury's findings. Instead, plaintiff contends the trial court erred by denying his request to preclude ABM's accident reconstruction expert (expert) from testifying at trial because ABM's counsel inadvertently sent the expert a copy of plaintiff's confidential mediation brief. Although we agree that disclosure of the mediation brief was improper (see Evidence Code section 1119), the record reflects that the expert did not rely on the brief in forming his opinions. The expert's trial testimony supports that position as does the fact that the expert reviewed the available evidence and completed his initial analysis prior to the mediation. Plaintiff speculates that the expert may have been subconsciously influenced by the content of the mediation brief and therefore should have been disqualified. We conclude such speculation is insufficient to support the disqualification of the expert and, therefore, affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

### 1.    The Injury

Plaintiff dropped off several friends at the curb in front of Terminal 2 at Los Angeles International Airport in October 2015. After saying goodbye, plaintiff returned to the car and opened the driver's side door just as a bus was passing. As plaintiff held the car door open, his hand was caught between the car door and an indicator light on the right side of the bus, crushing his ring finger and amputating a portion of his pinky finger. The bus was

owned and operated by ABM and, at the time of the accident, was being driven by an employee of ABM.

## 2.    The Complaint

Plaintiff sued a number of parties including ABM. The operative complaint alleged that ABM owned and operated the bus involved in the accident and that ABM's employee, who was driving the bus, operated the bus in a negligent manner. The complaint sought damages for past and future medical expenses as well as lost wages.

## 3.    Plaintiff's Motion to Exclude the Expert

### 3.1.    Plaintiff's Motion

Prior to trial, plaintiff filed a motion in limine seeking to disqualify the expert. Plaintiff's counsel had recently deposed the expert and examined his file. The file contained plaintiff's confidential mediation[1] brief which, according to plaintiff's counsel, contained "attorney thought processes and detailed analysis of evidence including photographs and video of the incident; an analysis of the testimony and facts as it pertains to applicable California law; analysis of portions of witness depositions which are strategic to Plaintiff's case; work product including exhibits we intend to use at trial, the use and applicability of various CACI jury instructions which will be requested at trial; Confidential medical summaries; Insurance information and; Settlement Demands." Plaintiff asserted that the mediation brief was confidential and inadmissible under

---

[1] The parties participated in mediation in August 2018.

Evidence Code[2] section 1119 and that ABM's disclosure of the brief to its expert was improper. Further, plaintiff argued, under sections 801, subdivision (b) and 803, the court was required to exclude any expert testimony "based in whole or in significant part on matter that is not a proper basis for such an opinion." Plaintiff urged that the expert "is irreversibly tainted by the confidential knowledge he obtained from the mediation brief" and asked the court to preclude the expert from testifying at trial.

### 3.2. ABM's Opposition

ABM opposed the motion to disqualify the expert. Specifically, counsel for ABM explained that disclosure of the mediation brief to the expert was accidental. One of ABM's attorneys asked his secretary to send the expert a photograph that had been attached to the mediation brief. Instead, the secretary sent the entire mediation brief. Moreover, the expert stated in a declaration that although he had reviewed the mediation brief, he did not rely on it in formulating his analysis of the accident nor did he discuss it with ABM's attorneys. Instead, he relied on three videos from airport security cameras, photographs and measurements taken by the airport police, and additional photographs taken by representatives of ABM and by plaintiff's girlfriend, who was at the scene of the accident. The expert also examined the bus involved in the accident and inspected the accident site. And, in any event, because the trial had initially been set to begin in September 2018, the expert had examined the evidence and completed most of his work before the August 2018 mediation. Finally, ABM explained that the expert

---

[2] All undesignated statutory references are to the Evidence Code.

was its only liability expert and that his disqualification on the eve of trial would be exceptionally prejudicial.

### 3.3. Ruling

The court heard and ruled on several motions in limine on March 28, 2019. The court deferred ruling on the motion regarding the expert, however. The minute order from the following day indicates the court made a ruling on the motion as follows: "The court will speak with the expert before he testifies. Plaintiff will draft an order in regards to this ruling." The record does not contain an order and no reporter was present at the hearing.

## 4. Trial

On April 2, 2019, just before the trial began, the court met with counsel to resolve outstanding issues. One issue noted by the court was the motion in limine regarding ABM's expert. The court indicated that, before the expert testified, it would speak with the expert about any work performed after the mediation and determine whether any of that work related to material disclosed only in plaintiff's mediation brief. The court asked counsel to provide advance notice of the expected date the expert would testify so that the court could schedule time for questioning outside the jury's presence.

The jury was empaneled on April 4, 2019 and the parties presented evidence and argument over four days.[3] At the beginning of the third day of trial, outside the presence of the jury, the court addressed several pending matters including

---

[3] Because plaintiff does not challenge the jury verdict on his negligence claim, we do not recite the evidence presented in detail.

5

defense objections to excerpts of the expert's videotaped deposition to be played by plaintiff. But although plaintiff's counsel mentioned plaintiff's objections to the expert at the beginning of the hearing, the court made no further ruling on those objections. After plaintiff played a series of video clips from the expert's deposition, plaintiff rested and the defense presented its first witness. Immediately thereafter, the defense called the expert to testify. Plaintiff did not renew his objection to the expert's testimony.

The expert testified that he had reviewed "the traffic collision report, various scene photographs, surveillance video obviously from LAX," transcripts of several depositions including those of plaintiff, an eyewitness, and plaintiff's accident reconstruction expert, and that expert's file materials. The expert also obtained aerial photographs of the accident scene and inspected the scene and the bus himself. The expert explained how he and other members of his team used the video footage, photographs, and measurements taken at the scene to create a simulation of the accident. Using that simulation, the expert opined about the distance between plaintiff's car and the bus as well as the likely speed and position of the bus at the time of the accident.

Ultimately, the jury found that neither ABM nor its employee bus driver was negligent. A judgment in favor of ABM was entered on May 13, 2019. Plaintiff timely appeals.[4]

---

[4] Plaintiff's request for judicial notice, filed on June 18, 2021, is granted.

# DISCUSSION

## 1. Scope and Standard of Review

We review the court's order on the disqualification motion for an abuse of discretion. (*Rico v. Mitsubishi Motors Corp*. (2007) 42 Cal.4th 807, 819 (*Rico*).) We review a trial court's factual findings under the substantial evidence test. (*In re Charlisse C*. (2008) 45 Cal.4th 145, 159.) In doing so, we resolve every evidentiary conflict and indulge every reasonable inference in favor of the prevailing party if the evidence supporting the challenged ruling is of ponderable legal significance, and if it has reasonable, credible, and solid value. (*Oregel v. American Isuzu Motors, Inc*. (2001) 90 Cal.App.4th 1094, 1100.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.]" (*Ibid.*)

## 2. The court did not err by denying plaintiff's disqualification motion.

### 2.1. Disclosure of the confidential mediation brief was improper.

Section 1119 protects the confidentiality of mediation-related matters. It provides:

"Except as otherwise provided in this chapter:

"(a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery,

and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

"(b) No writing, as defined in Section 250, that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

"(c) All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential."

Plaintiff contends, and ABM does not dispute, that counsel violated section 1119 by sending a copy of plaintiff's confidential mediation brief to its expert. We agree. Plaintiff goes on to argue, at length, that a new trial is required under section 1128. On that point, we disagree with plaintiff.

Section 1128 provides: "Any reference to a mediation during any subsequent trial is an irregularity in the proceedings of the trial for the purposes of Section 657 of the Code of Civil Procedure. Any reference to a mediation during any other subsequent noncriminal proceeding is grounds for vacating or modifying the decision in that proceeding, in whole or in part, and granting a new or further hearing on all or part of the issues, if the reference materially affected the substantial rights of the party requesting relief." And plaintiff cites several cases relating to the discovery or use of confidential mediation materials and the remedy afforded under that section.

For example, in *Foxgate Homeowners' Assn., Inc. v. Bramalea California, Inc.* (2001) 26 Cal.4th 1, plaintiff homeowners' association moved for sanctions against defendant developer and its attorney under Code of Civil Procedure section 128.5, for failing to participate in court-ordered mediation in good faith and to comply with an order of the mediator. (*Foxgate*, at pp. 6–8.) In support of the sanctions motion, plaintiff attached the report of the mediator and a declaration by plaintiff's counsel reciting statements made during the mediation session. (*Id.* at p. 8.) The trial court accepted the evidence and granted the sanctions motion. (*Ibid.*) The Supreme Court reversed, holding that sections 1119 and 1121 unambiguously conferred confidentiality on the material at issue, making it inadmissible for any purpose. (*Foxgate,* at pp. 13–14.) Accordingly, the court reversed the sanctions order under section 1128 and noted that if plaintiff elected to pursue the sanctions motion on remand, no evidence of communications made during the mediation could be admitted or considered. (*Foxgate,* at p. 18.)

Although plaintiff's legal analysis is correct, it is inapposite. ABM did not elicit any testimony from the expert relating to the mediation or the mediation brief. Neither did ABM attempt to use any material relating to the mediation during trial. In other words, because no "reference to a mediation during any subsequent trial" occurred, section 1128 is inapplicable.

### 2.2. An expert's exposure to confidential mediation materials does not necessarily require disqualification.

Plaintiff's primary contention is that "experts who review privileged and confidential information such as an opposing

party's mediation briefs, reports and other similar work product materials are disqualified and precluded from giving expert testimony in subsequent trial proceedings." Although exclusion or disqualification of an expert exposed to confidential information or attorney work product may be appropriate in some situations, it is not always required, as plaintiff claims.

Plaintiff notes, correctly, that an expert's opinion is limited to an opinion based on matters "of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his [or her] testimony relates." (§ 801, subd. (b).) Upon objection, a court "shall" exclude opinion testimony "that is based in whole or in significant part on matter that is not a proper basis for such an opinion." (§ 803.) The Law Commission comment to section 803 explains the scope of the exclusionary rule: "Under Section 803, as under existing law, an opinion may be held inadmissible or may be stricken if it is based wholly or in substantial part upon improper considerations. Whether or not the opinion should be held inadmissible or stricken will depend in a particular case on the extent to which the improper considerations have influenced the opinion. 'The question is addressed to the discretion of the trial court.' [Citations.] … If a witness' opinion is stricken because of reliance upon improper considerations, the second sentence of Section 803 assures the witness the opportunity to express his opinion after excluding from his consideration the matter determined to be improper." In other words, contrary to plaintiff's contention, an expert witness will not necessarily be disqualified if he or she relies on improper considerations. Instead, the scope of the expert's opinion may be restricted to reflect only those opinions based upon proper matters. (Cf. *Fox v. Kramer* (2000) 22 Cal.4th 531, 541 [excluding

10

medical expert opinion where expert "relied substantially" on confidential peer review materials in formulating his opinion]; *County Sanitation Dist. v. Watson Land Co.* (1993) 17 Cal.App.4th 1268, 1282 [holding that " '[w]hen the testimony of a valuation witness is based on considerations which are proper as well as those which are improper, the court in its discretion may strike the testimony or permit it to remain and consider the impropriety in determining the weight to be given it' "].)

Plaintiff relies on two California[5] cases to support his claim that experts who have been exposed to confidential materials must always be disqualified. Both cases are distinguishable.

In *Rico*, *supra*, 42 Cal.4th 807, plaintiff's attorney obtained notes written by defense counsel "through inadvertence" on the part of the defense. (*Id.* at p. 812.) The notes discussed defense counsels' litigation strategy and summarized a meeting with their expert witnesses in which the weaknesses of the case were discussed. The notes also included lead counsel's thoughts and analysis of potential pitfalls. Plaintiff's attorney read through the notes, made copies, analyzed their contents, shared the notes with his co-counsel and plaintiff's experts, and used the notes in deposing defendants' experts. (*Id.* at pp. 812–813.) The defendants moved to disqualify plaintiff's counsel and experts under Code of Civil Procedure section 2018.020, based on the

---

[5] Plaintiff also discusses numerous federal district court cases. Federal cases are not binding on California courts but may be persuasive authority in appropriate circumstances. (*Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 576, fn. 8.) Because California law is clear and resolves the issues presented in this case, we do not rely on the federal authority cited by plaintiff.

misuse of defense counsel's confidential and privileged work product. The trial court granted the motion. (*Rico*, at p. 813.)

The Supreme Court affirmed. After considering the standard to be applied when counsel inadvertently receives materials that appear to be privileged, the court considered what remedy should be available if counsel fails to comply with that standard. The court held that " ' "mere exposure" ' " to an adversary's confidences is insufficient to warrant disqualification, which the court regarded as a "draconian" result, but stated that disqualification " 'might be justified if an attorney inadvertently receives confidential materials and fails to conduct himself or herself in the manner specified above, assuming other factors compel disqualification.' " (*Rico, supra*, 42 Cal.4th at p. 819.) In the case before it, the court found disqualification of plaintiff's counsel and experts was justified due to the extreme harm caused by counsel's dissemination and use of opposing counsel's notes on strategy and expert witnesses. (*Ibid.*) The use of the document "undermined the defense experts' opinions and placed defendants at a great disadvantage" such that without disqualification of plaintiff's counsel and their experts, "the damage caused by [counsel's] use and dissemination of the notes was irreversible." (*Ibid.*)

We assume, without deciding, that confidential mediation materials are subject to the same protection as attorney work product. Even so, *Rico* is distinguishable. First, unlike counsel in *Rico*, counsel here did not intentionally disclose the mediation brief to its expert. Second, counsel did not discuss the brief with the expert and encourage the expert to take advantage of its contents, as counsel did in *Rico*. Third, and as discussed in detail *post*, the expert did not use or rely upon the mediation brief. And

12

finally, there is no evidence that the mediation brief contained information of similar strategic value as the notes disclosed in *Rico,* which summarized the defense experts' analysis of the weaknesses of the defense case and counsel's notations about defense strategy related thereto.

Plaintiff also cites *Peat, Marwick, Mitchell & Co. v. Superior Court* (1988) 200 Cal.App.3d 272 (*Peat Marwick*), a case involving a battle of accountancy experts. After plaintiff's accountancy firm (Main Hurdman) had performed substantial work on the matter, defendant (Peat Marwick) acquired Main Hurdman, creating an obvious conflict of interest. Main Hurdman then abruptly terminated its work with plaintiff. In addition, plaintiff had heard rumors of the potential acquisition earlier, but Peat Marwick had repeatedly assured plaintiff no merger would take place. (*Id.* at pp. 278–281.) Due to the extreme prejudice resulting from the acquisition, plaintiff moved to enjoin the merger and, in the alternative, sought sanctions against Peat Marwick, precluding the firm from contesting the issues upon which Main Hurdman would have testified. (*Id.* at pp. 280–281.) The court granted the request for issue sanctions under its inherent authority to curb abuse of the litigation process. (*Id.* at pp. 286–287.)

*Peat Marwick* is plainly inapplicable here. Plaintiff does not seek to invoke the inherent authority of the court nor is there any evidence that ABM abused the litigation process to plaintiff's detriment.

In sum, plaintiff overstates the scope of the exclusionary rule set forth in section 803. If an expert relies on improper matters—here, the confidential mediation brief—the expert's testimony should be limited to those matters unaffected by the

improper material. As we now explain, however, plaintiff failed to demonstrate that the expert relied on the mediation brief in any respect.

### 2.3. Plaintiff fails to establish that the expert relied on the confidential mediation brief.

The evidence in the record indicates that the expert did not rely on the confidential mediation brief, i.e., he did not base his opinion "in whole or in significant part on matter that is not a proper basis for such an opinion." (§ 803.)

In opposition to plaintiff's motion in limine, the expert acknowledged that he received and reviewed the mediation brief but attested that he did not rely on it in formulating his analysis of the accident nor did he discuss it with ABM's attorneys. Instead, the expert explained, he relied on three videos taken by airport security cameras, photographs and measurements taken by the airport police, and additional photographs taken by representatives of ABM and by plaintiff's girlfriend who was at the scene of the accident. The expert also examined the bus involved in the accident and inspected the accident site.

The expert's trial testimony confirmed that he relied on "the traffic collision report, various scene photographs, surveillance video obviously from LAX," and reviewed transcripts of depositions of plaintiff, an eyewitness, and plaintiff's accident reconstruction expert, and that expert's file materials. The expert also obtained aerial photographs of the accident scene and inspected the scene and the bus himself. The expert explained how he and other members of his firm used the video footage, photographs, and measurements taken at the scene to create a simulation of the accident. Based upon that simulation, the expert opined about the distance between plaintiff's car and the

14

bus as well as the likely speed and position of the bus at the time of the accident.

Furthermore, the expert had examined the evidence and completed most of his work before the August 2018 mediation because the trial had initially been set to begin in September 2018. We can therefore infer that the mediation brief did not substantially influence the expert's approach to his analysis.

This evidence notwithstanding, plaintiff argues that the "mediation brief necessarily informed [the expert]'s impressions of the case and influenced his subsequent investigation and document review, and ultimately his opinions." This is not a reasonable inference from the evidence just discussed, particularly in light of the expert's statements that he reviewed the available evidence, conducted his in-person inspection of the accident site and the bus, and completed his initial analysis prior to the mediation.

Alternatively, plaintiff contends that the disclosure of the mediation brief was inherently prejudicial. He asserts, for example, that "[t]he extent of the damage done in terms of how much the mediation brief affected the expert, again consciously or unconsciously, in shaping his approach and his opinion, is neither knowable nor sufficiently remediable without exclusion." Further, plaintiff suggests that "[i]t is impossible to know the extent to which Plaintiff's mediation statement[ ] influenced [the expert]'s opinions." Plaintiff cites no California[6] law suggesting that this sort of speculation could justify, let alone require, the

---

[6] Plaintiff relies extensively on *Irwin Seating Co. v. International Business Machines*, (W.D. Mich., Feb. 14, 2007, No. 1:04-CV-568) 2007 WL 518866, an unpublished federal district court case. As already noted, however, California law is well established.

disqualification of an expert. More importantly for our purposes, by this argument plaintiff effectively concedes that he cannot establish prejudice on this record. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 ["[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.]"].)

## DISPOSITION

The judgment is affirmed. Respondent ABM Aviation, Inc. shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J., Acting P. J.

WE CONCUR:

EGERTON, J.

VIRAMONTES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.